IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GREGORY D. KENDALL,                    )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )    Case No. CIV-20-1195-C
                                       )
BRUNDAGE BONE CONCRETE                 )
PUMPING,                               )
                                       )
                    Defendant.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting Defendant's discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), and interference with or retaliation in violation of the Family and Medical Leave Act ("FMLA"). During the course of discovery, Defendant sought discovery of the names of all of Plaintiff's medical providers for the prior five years and all medical records from those providers. Defendant also sought a medical release from Plaintiff so it could obtain records from those providers. Defendant also sought Plaintiff's complete state and federal tax returns including all schedules and attachments for the prior five years. Plaintiff objects to producing copies of medical records other than those related to his claims of emotional distress and objects to producing a medical release. Plaintiff also objects to production of schedules and attachments to his tax returns. Unable to reach agreement on these issues, Defendant filed the present Motion seeking an Order from the Court compelling Plaintiff to respond.

Plaintiff states that he has provided to Defendant all medical records that relate to conditions or treatment for the conditions raised in the Complaint.  Plaintiff asserts that he has or will produce all medical records from any provider who treated him for emotional distress.  Plaintiff further notes that he never sought any treatment from a therapist, counselor, or other similar provider for emotional distress, whether from the alleged wrongdoing of Defendant or other reason.  Defendant argues that in the medical records it has received from Plaintiff other medical conditions such as migraines, sinusitis, constipation, reflux, hearing loss, etc., area shown which indicate there may be other causes for his mental distress.

Fed. R. Civ. P. 26(b) sets the limits of discovery as follows:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . ."  Granting Defendant's request to obtain any record from any medical provider for a five-year period lacks sufficient relevance or proportionality. Defendant has wholly failed to show how gathering additional information relating to Plaintiff seeking treatment for a sinus infection or indigestion provides some defense to his claims of emotional distress from Defendant's alleged wrongful treatment of him.  Plaintiff has stated, and Defendant has agreed with one exception noted below, that Plaintiff has provided all medical records referencing treatment of emotional distress and/or the back injury that plays a role in his claims.  Defendant is entitled to nothing more.  However,

there is a gap in the records provided by Plaintiff from September 24, 2019, until December 3, 2020, as well as some missing pages.  The parties shall confer, and Plaintiff shall provide the missing pages or provide a valid basis for the exclusion.  Because Defendant is not entitled to discover any additional medical information, the request that Plaintiff sign a medical release is moot.

Defendant requested copies of Plaintiff's tax returns.  Plaintiff has provided the first two pages of his tax returns and W-2s for the years 2015 through 2020.  However, Plaintiff objects to producing all the schedules and attachments to his returns.  Defendant argues that the information in those documents may have some relevance to Plaintiff's mitigation or bear on Plaintiff's credibility.  For example, Defendant suggests the missing documents may show that Plaintiff has been gambling when he should have been looking for employment.  Or if Plaintiff is donating large sums of money to a charitable organization, Defendant asserts it should be allowed to discover the amount and the organization.

As Plaintiff notes, Judge Russell has endorsed the use of a two-pronged test in determining the discoverability of tax returns.  First, the returns must be relevant to the subject matter of the action and, second, there must be a compelling need for the returns because the information contained therein is not otherwise readily available.  EEOC v. Brown-Thompson Gen. P'ship, CIV-16-1142-R, 2018 WL 9837991 (W.D. Okla. Nov. 8, 2018) (citations omitted).  Using this approach, the Court finds Defendant's arguments fail both prongs.  First, the information on the schedules is at best only remotely relevant to the

3

issues in this case.  Second, while the schedules and attachments may not be readily available elsewhere, the information contained therein certainly is available.  Further, the reasons advanced by Defendant for seeking the schedules and attachments fall far short of demonstrating a compelling need.  Defendant's Motion will be denied on this issue.

As set forth more fully herein, Defendant Brundage Bone Concrete Pumping's Motion to Compel (Dkt. No. 20) is DENIED.

IT IS SO ORDERED this 19th day of October, 2021.

ROBIN J. CAUTHRON
United States District Judge